Dear Honorable Lancaster,
The Attorney General is in receipt of your request for an opinion where you ask, substantially, the following question:
 "Do the provisions of 68 O.S. 2433 (1971), effectively exempt savings and loan associations from ad valorem taxation to the same extent as state and national banks?"
The questioned provision of 68 O.S. 2433 (1971) reads as follows:
 "All corporations organized, existing or doing business in this State, other than railroad and public service corporations assessed by the State Board of Equalization, and other than national banks, state banks and trust companies, and building and loan associations, shall, on or before March 15th of each year, return sworn lists or schedules of their taxable property within each county, to the County Assessor of such County, and such property shall be listed with reference to amount, kind and value, on the first day of January of the year in which it is listed; and said property shall be subject to taxation for county, municipal, public school and other purposes to the same extent as the real and personal property of private persons, in the taxing districts in which such property is located; . . ." (Emphasis supplied)
The State Constitution provides for revenue and taxation at Article X, 1 et seq. Title 68 O.S 2404 implements the State's ad valorem taxation power and reads as follows:
68 O.S. 2404. Property Subject to Taxation
 "All property in this State, whether real or personal, except that which is specifically exempt by law, and except that which is relieved of ad valorem taxation by reason of the payment of an in lieu tax, shall be subject to ad valorem taxation.
The legislature is prohibited by the Oklahoma Constitution from extending tax exemptions to property not otherwise provided for therein. See Constitution of Oklahoma, Article V, Section 50, Article X, Section 6, and Article X, Section 6A. Constitutional exemptions from ad valorem taxation are enacted at 68 O.S. 2405 (1971), and does not include ad valorem exemptions for any category of financial institutions.
However, the legislature is authorized and has provided for in lieu taxation through the enactment of the above quoted 68 O.S. 2404. See State ex rel Dale, et al v. Sango, Okla., 194 P.215 (1921). Title 68 O.S. 2370, 68 O.S. 2371 (1971) establish such in lieu taxation on personal property only for national banks, state banks and credit unions, but does not specifically provide such in lieu taxation for savings 
loan associations (referred to in prior laws as building loan associations).
A plain reading of 68 O.S. 2433 shows it makes no provision for either a specific exemption or in lieu taxation for savings loan associations. Section 2433 only operates to exempt savings loan associations from returning sworn lists or schedules of their taxable property within each county to the county assessor of such county on or before March 15 of each year. It in no way exempts savings loan associations from ad valorem taxation or other reporting requirements and penalty provisions contained within 68 O.S. 2401[68-2401] et seq. (1971).
It is, therefore, the opinion of the Attorney General that 68 O.S.1971, 2433 does not exempt or provide for in lieu taxation of savings loan associations for ad valorem tax purposes.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHNNY J. AKINS, ASSISTANT ATTORNEY GENERAL